UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA KRAUS on behalf of DAVID SCHIED,

                    Petitioner,

v.                                          CASE NO. 2:12-CV-12791
                                            HONORABLE DENISE PAGE HOOD

JERRY NIELSEN,

                    Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DISMISSING THE PETITION FOR IMMEDIATE CONSIDERATION AND WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR SHOW CAUSE ORDER OR IMMEDIATE RELEASE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I.  Introduction

On June 26, 2012, Patricia Kraus filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2242 on behalf of David Schied challenging his state court contempt proceedings arising out of the 17th District Court in Redford Township and his current confinement (30 days) at the Midland County Jail.  On June 28, 2012, David Schied filed a "Petition for Immediate Consideration and Writ of Habeas Corpus and Accompanying Motion for Show Cause Order or Immediate Release from Unlawful Captivity" with a demand for a criminal grand jury investigation.  For the reasons stated herein, the Court dismisses without prejudice both petitions, denies the motion for show cause order or immediate release (including the demand for a criminal grand jury investigation), denies a certificate of appealability, and denies leave to proceed *in forma pauperis* on appeal.

### II.  Discussion

An application for a writ of habeas corpus may be filed by one person on behalf of another.  *See* 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status is not conferred automatically.  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be granted.  *Id*.  First, "a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action."  *Id*.  Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  *Id*; *see also Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003) (citing *Whitmore, supra*; *West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998)). "The putative next friend must clearly establish 'the propriety of his status' in order to 'justify the jurisdiction of the court.'"  *Tate*, 72 F. App'x at 266 (citing *Whitmore*, 495 U.S. at 164).

In this case, Patricia Kraus has failed to satisfy the first prerequisite.  She has neither alleged nor established that David Schied is incompetent or otherwise unable to pursue a federal habeas action on his own behalf.  To be sure, Schied has since filed pleadings on his own behalf with this Court.  Even assuming that Kraus is acting in Schied's best interests, her failure to demonstrate his inaccessibility, incompetence, or other disability, precludes the Court from considering her petition.  Her petition must be dismissed.

Moreover, to the extent that Schied has filed a petition for a writ of habeas corpus on his own behalf pursuant to 28 U.S.C. § 2254, it is also subject to dismissal.   A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.

2

*See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the prisoner to prove exhaustion. *Rust*, 17 F.3d at 160.

Schied has not met his burden of demonstrating exhaustion of state court remedies. It appears from the pleadings before this Court that he is seeking relief through the state administrative process and/or in the state courts, but has not completed those procedures. Schied has failed to properly exhaust all of his claims in the state courts before proceeding on federal habeas review. His petition must therefore be dismissed. Given this determination, Schied's motion for show cause order or immediate release must be denied as moot.

Lastly, as to the demand for investigation, the Court notes that Schied does not have standing to file a criminal complaint. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of

another. *Id*. at 64–65. Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Moreover, a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See, e.g., White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."). Schied's demand for a criminal grand jury investigation must thus be denied.

### III. Conclusion

For the reasons stated, the Court concludes that Patricia Kraus has failed to establish that she is entitled to bring a habeas action on behalf of David Schied and that David Schied has not fully exhausted state court remedies as to any petition brought on his own behalf. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** both petitions. The Court also **DENIES** the motion for show cause order or immediate release, including the demand for a criminal grand jury investigation (Doc. #2).

Before Kraus or Schied may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court dismisses a habeas action on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the

4

denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** leave to proceed *in forma pauperis* on appeal because any appeal would be frivolous and cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).

      **IT IS SO ORDERED.**


                         S/Denise Page Hood                   
                         DENISE PAGE HOOD
                         UNITED STATES DISTRICT JUDGE

Dated:  July 6, 2012



I hereby certify that a copy of the foregoing document was served upon counsel of record on July 6, 2012, by electronic and/or ordinary mail.

                         S/LaShawn R. Saulsberry             
                         Case Manager